# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MARTIN SANCHEZ-ALANIZ, #31293-177**                                                   **PETITIONER**

**VERSUS**                                               **CIVIL ACTION NO. 5:09-cv-159-DCB-MTP**

**BRUCE PEARSON, Warden**                                                                **RESPONDENT**

## ORDER

BEFORE the Court is Petitioner Sanchez-Alaniz's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Complex (FCC), Yazoo City, Mississippi. Upon liberal review of the Petition and Response [7] filed, along with the entire court record, it is hereby,

ORDERED AND ADJUDGED:

1. That Petitioner's claims regarding the detainer lodged against him by the Bureau of Immigration and Customs Enforcement (BICE), do not meet the "in custody" requirement for a habeas case filed pursuant to § 2241. *Zolicoffer v. United States DOJ,* 315 F.3d 538, 540 (5th Cir. 2003)("Prisoners are not 'in custody' for purposes of the habeas statutes merely because the INS has lodged a detainer against them."); *see also Zamarripa- Torres v. BICE*, 2009 WL 2981901, *1 (5th Cir. 2009)(since petitioner was "not in custody under the detainer," the district court did not have jurisdiction under § 2241 to consider petitioner's challenges to the [BICE] detainer). Therefore, Petitioner's claims regarding the detainer lodged against him by the Bureau of Immigration and Customs Enforcement are dismissed, with prejudice.

2. That Petitioner's claims regarding legal access and mail tampering are conditions of confinement complaints that are not properly pursued in § 2241 case. *See Rourke v. Thompson*,

11 F.3d 47, 49 (5th Cir.1993)("Rourke cannot avail himself of the writ of habeas corpus when seeking injunctive relief unrelated to the cause of his detention."); *see also Moore v. King,* 2009 WL 122555, *1 (5th Cir. 2009)(*citing Pierre v. United States,* 525 F.2d 933, 935 (5th Cir. 1976)("Simply sated, habeas is not available to review questions unrelated to the cause of detention.")). Thus, any claims concerning the Petitioner's conditions of confinement are dismissed, without prejudice.

    3.  That Respondent, Bruce Pearson, is directed to file an answer or other responsive pleading to Petitioner's remaining claims regarding the calculation of his sentence, within twenty days of the service of this order.

    4.  That the United States District Clerk is directed to issue summons to **Bruce Pearson,** Warden, FCC - Yazoo City, 2255 Haley Barbour Pkwy, Yazoo City, Mississippi 39194.

    5.  That the United States District Clerk shall serve, by certified mail, a copy of the summons, Petition [1] and Response [7] filed herein, along with a copy of this order upon the **Civil Process Clerk of the Office of the United States Attorney for the Southern District of Mississippi**, 188 E. Capitol St., Suite 500, Jackson, Mississippi 39201; the **Attorney General of the United States**, at 10th Street & Constitution Avenue, Washington, D.C. 20530; and **Bruce Pearson,** Warden, FCC - Yazoo, P.O. Box 5050, Yazoo City, Mississippi 39194.

    6.  That the Clerk of Court shall also serve a copy of this order upon **Petitioner** by mailing same to Petitioner's last known address.  The Petitioner is warned that his failure to timely comply with any order of this Court or a failure to keep this Court informed of his current

address, may result in the dismissal of this case.

SO ORDERED, this the 27th day of January, 2010.

                                        s/David Bramlette
                                        UNITED STATES DISTRICT JUDGE